# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| BLAKE O. SWANN, | ) |
|     *Plaintiff*, | ) Case No. 2:18-cv-207 |
| | ) |
| v. | ) Judge Travis R. McDonough |
| | ) |
| EDD GRAYBELL, WASHINGTON COUNTY DETENTION CENTER, AARON DAVIS, and LT. DISHNER'S CREW, | ) |
|     *Defendants*. | ) |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint filed pursuant to 42 U.S.C. § 1983. On June 14, 2019, the Court entered an order screening the complaint and providing that Plaintiff had twenty days from the date of entry of the order to file an amended complaint [Doc. 8 p. 4–5]. The Court also warned Plaintiff that if he failed to timely comply with that order, the Court would dismiss this action [*Id.* at 5]. On June 24, 2019, the United States Postal Service returned the Clerk's mail containing this order to the Court [Doc. 9]. Accordingly, the Clerk resent the order to Plaintiff at the permanent address listed in his complaint [Doc. 2 p. 3] on the same day [Doc. 9]. More than four weeks have passed since the Clerk resent the order to Plaintiff at his permanent address and Plaintiff has not complied with the order or otherwise communicated with the Court, however.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See,*

*e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, as set forth above, it appears that Plaintiff received the Court's order, but chose not to comply therewith. As such, the first factor weighs in favor of dismissal. As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants. As to the third factor, the Court warned Plaintiff that the Court would dismiss this case if he failed to comply with the Court's order [Doc. 8 p. 5]. Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. The Court granted Plaintiff leave to proceed *in forma pauperis* in this matter [Doc. 5] and Plaintiff has not pursued the case since filing a motion to appoint counsel and for preliminary hearing [Doc. 7] with the Court more than four months ago.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b) and the Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER.**

**SO ORDERED**.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH
UNITED STATES DISTRICT JUDGE**