UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| BLAKE O. SWANN, ) | |
| ) | Case No. 2:18-cv-207 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | |
| EDD GRAYBELL, WASHINGTON ) | |
| COUNTY DETENTION CENTER, ) | |
| AARON DAVIS, and LT. DISHNER'S ) | |
| CREW, ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM OPINION

Plaintiff, a prisoner of the Washington County Detention Center, filed a *pro se* complaint alleging violations of his constitutional rights during his incarceration in violation of 42 U.S.C. § 1983 (Doc. 2), and the Court granted him leave to proceed *in forma pauperis* (Doc. 5). On June 14, 2019, the Court entered an order screening the complaint and providing that Plaintiff had twenty days from the date of entry of that order "to file an amended complaint with a short and plain statement of facts setting forth exactly how his constitutional rights were violated, the individual(s) and/or entity(ies) responsible for any such violations, and a demand for the relief sought." (Doc. 8, at 1–4, 5.) The Court also denied Plaintiff's motion to appoint counsel and for a preliminary hearing. (*Id.* at 5.)

On August 15, 2019, the Court dismissed this case pursuant to Federal Rule of Civil Procedure 41(b) because Plaintiff had not filed a timely amended complaint in accordance with its previous order and the United States Postal Service had returned the Court's mail to Plaintiff

containing that order as undeliverable. (*See* Docs. 8, 9, 10, 11.) Plaintiff appealed this dismissal (Doc. 14) and filed a "motion for a certificate of appealability" with this Court (Doc. 15).

The Court liberally construed Plaintiff's motion as seeking relief from the dismissal of this case under Rule 60(b), found that Plaintiff's request for such relief had merit, and entered an order indicating that it would be inclined to grant Plaintiff relief under Rule 60(b) if the Sixth Circuit remanded the case to this Court. (*See* Doc. 17.) Plaintiff subsequently sent the Court a letter requesting forms for filing actions under § 1983 and § 2254, which the Clerk mailed him. (*See* Doc. 18.)

However, on February 7, 2020, Plaintiff sent the Court a filing entitled "Motion—Opinion/Question of Fact," in which he objected to the Clerk's apparent inclusion of an application for leave to proceed *in forma pauperis* with the forms sent to Plaintiff, noted that the Court already granted him leave to proceed *in forma pauperis* in this case, and stated that requiring him to complete another application to proceed *in forma pauperis* in this action would be a violation of his constitutional rights. (Doc. 19, at 1–2.) Plaintiff also asserted that Defendant Graybell is responsible for a "campaign of harassment" against him, that officers falsely charged Plaintiff with violation of probation after his release from jail but this charge was dismissed at his first appearance in front of a judge, that this case has merit and will require expert testimony, that this Court granted his motion to appoint counsel, that this case is now becoming a tort case, that he should be allowed to proceed *in forma pauperis* without filling out a new form, and again requested a § 2254 form. (*Id.* at 2–3.) Plaintiff then swore that the "foregoing complaint" and the matters therein were true under penalty of perjury. (*Id*. at 3.)

On March 4, 2020, after the Sixth Circuit dismissed Plaintiff's appeal, the Court granted Plaintiff's motion for relief under Rule 60(b) to the extent that the Court reopened the case,

provided Plaintiff twenty days to file an amended complaint, and directed the Clerk to send all mail from the Court to both of the addresses Plaintiff had last provided to the Court. (*See* Docs. 18, 21.) The Court also notified Plaintiff that if he failed to timely comply with the order to file an amended complaint, this action would be dismissed for failure to prosecute and failure to comply with the Court's orders. (Doc. 21, at 2.) More than five weeks have passed and Plaintiff has not filed an amended complaint or otherwise communicated with the Court since the Court's entry of this order.

However, it is unclear whether Plaintiff has not responded to the Court's previous order because he intended his February 7, 2020 filing to serve as his amended complaint herein, or whether Plaintiff has simply disregarded the Court's March 4, 2020 order. Either way, this action is subject to dismissal.

## I. SCREENING PLAINTIFF'S FEBRUARY 7, 2020 FILING

First, to the extent that Plaintiff intended his February 7, 2020 filing (Doc. 18) to serve as an amended complaint, it fails to state a claim upon which relief may be granted under § 1983, and this matter is, therefore, subject to dismissal.

Under the Prison Litigation Reform Act, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B), 1915A; *Benson v. O'Brian*, 179 F.3d 1014, 1015 (6th Cir. 1999). The dismissal standard that the Supreme Court articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir.

3

2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). However, courts liberally construe *pro se* pleadings filed in civil-rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him of a federal right. 42 U.S.C. § 1983; *Polk County v. Dodson*, 454 U.S. 312, 315 (1981).

The only factual allegations in Plaintiff's February 7, 2020 filing that the Court can liberally construe as intended to state a claim for relief under § 1983 against any Defendant he has sued in this action are Plaintiff's allegations that Defendant Graybell is responsible for a "campaign of harassment" against him and officers falsely charged Plaintiff with violation of probation after his release from jail but this charge was dismissed at his first appearance in front of a judge. (Doc. 18, at 2.) However, Plaintiff's allegation that Defendant Graybell is responsible for a "campaign of harassment" against him is conclusory and, therefore, fails to state a claim upon which relief may be granted under § 1983. *Iqbal*, 556 U.S. at 678, 681 (holding that "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a plausible claim for relief). Moreover, Plaintiff has not set forth any facts from which the Court can plausibly infer that Defendant Graybell or any other individual defendant authorized, approved, acquiesced, or directly participated in any violation of Plaintiff's constitutional rights such that they could be liable for such a violation under § 1983. *See Harvey v. Campbell County*, 453 F. App'x. 557, 563 (6th Cir. 2011) (citations omitted); *see also Iqbal*, 556 U.S. at 676 (requiring that "a plaintiff must plead that each Government-official defendant, through the

official's own individual actions, has violated the Constitution" to state a plausible claim for relief); *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "[§] 1983 will not support a claim based on a *respondeat superior* theory of liability).

Moreover, as the Court previously noted, neither the Washington County Detention Center nor "Lt. Dishner's Crew" is a "person" subject to suit under § 1983. *See Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding that jail "medical departments are not 'persons' under § 1983" because they "may be seen as nothing more than an arm of" their governing agency); *Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that "the Shelby County Jail is not an entity subject to suit under §1983") (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991)). Further, nothing in Plaintiff's February 7, 2020 filing allows the Court to plausibly infer that any policy or custom of Washington County caused any violation of Plaintiff's constitutional rights such that the Court could liberally construe this filing to state a claim against this municipality. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that a governmental entity may be liable under § 1983 only when its official custom or policy causes a constitutional-rights violation).

Accordingly, to the extent that Plaintiff intended his February 7, 2020 filing to serve as an amended complaint, it fails to state a claim upon which relief may be granted, even liberally construing this filing in favor of Plaintiff, and is therefore subject to dismissal.

## II. FAILURE TO PROSECUTE AND FOLLOW COURT ORDERS

To the extent that Plaintiff did not intend his February 7, 2020 filing to serve as an amended complaint and has disregarded the Court's March 4, 2020 order, this matter is subject to dismissal for failure to prosecute and failure to comply with the Court's orders under Rule 41(b).

5

Rule 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, it appears that Plaintiff received the Court's last order, but chose not to comply therewith. Accordingly, the first factor weighs in favor of dismissal. As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants. As to the third factor, the Court warned Plaintiff that the Court would dismiss this case if he failed to timely comply with the Court's March 4, 2020 order. (*See* Doc. 21, at 2.) Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted. The Court granted Plaintiff leave to proceed *in forma pauperis* in this matter (*See* Doc. 5) and Plaintiff has not still filed an amended complaint in this matter despite the Court providing him ample time to do so. Taken together, the relevant factors weigh in favor of dismissal of Plaintiff's action under Rule 41(b) to the extent that Plaintiff disregarded the Court's previous order.

## III. CONCLUSION

As set forth above, it is unclear whether Plaintiff has not responded to the Court's March 4, 2020 order because he intended his February 7, 2020 filing to serve as his amended complaint herein, or whether Plaintiff has simply disregarded the Court's March 4, 2020 order. However, to the extent Plaintiff intended his February 7, 2020 filing to serve as his amended complaint, it is subject to dismissal for failure to state a claim upon which relief may be granted. Also, to the extent that Plaintiff disregarded the Court's March 4, 2020 order, this matter is subject to dismissal under Rule 41(b). Accordingly, this matter will be **DISMISSED** and the Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**